IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| BRENDA DAVIS and CLARENCE DAVIS, individually, and on behalf of all other similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>COLLECTO, INC. d/b/a EOS CCA,<br><br>Defendant. | CIVIL ACTION NO. 3:20-cv-00215<br><br>NOTICE OF REMOVAL |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Collecto, Inc. d/b/a EOS CCA ("EOS CCA"), by undersigned counsel, hereby removes the above-captioned matter from the Circuit Court of Putnam County, West Virginia, to the United States District Court for the Southern District of West Virginia. In support, EOS CCA avers as follows:

**I. NATURE OF REMOVED ACTION**

1.  The removed case is a civil class action filed in the Circuit Court of Putnam County, West Virginia, on or about February 7, 2020, assigned Civil Action No. CC-40-2020-C-20, and captioned *Brenda Davis v. Collecto, Inc. d.b.a. EOS CCA*. Pursuant to 28 U.S.C. § 1446(a), "Exhibit A" includes all service of process, pleadings, and orders served in the state court action.

**II. STATEMENT OF FACTS**

2.  This civil class action arises out of alleged irregularities in EOS CCA's telephonic efforts to collect upon debts due and owing to original

creditor, Dish Network, to consumers throughout the State of West Virginia.

3. Plaintiffs claim violations of the *West Virginia Consumer Credit and Protection Act, West Virginia Computer Crimes and Abuse Act,* the *Telephone Harassment Statute,* and bring common law claims for negligence, intentional infliction of emotional distress, and invasion of privacy. Plaintiffs' Class Action Complaint alleges only West Virginia state law claims.

4. Without admission, a reasonable assessment of the value of Plaintiffs' class action claims indicates that the amount in controversy exceeds the requisite threshold of $75,000.00.

5. Further, as detailed below, complete diversity of citizenship exists.

### III. TIMELINESS OF REMOVAL

6. EOS CCA received a copy of Plaintiffs' Class Action Complaint on February 21, 2020, through its agent-in-fact, CT Corporation. Hence, pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed. *See Elliott v. Am. States Ins. Co.,* 883 F.3d 384, quoting *Lilly v. CSX Transp., Inc.,* 186 F. Supp. 2d 672, 673 (S.D. W.Va. 2002) (finding that "[w]hen service is effected on a statutory agent, rather than on an agent appointed by the defendant, the time to remove the action to federal court does not start to run until the defendant actually has received a copy of the complaint").

### IV. VENUE IS PROPER

7. Pursuant to 28 U.S.C. § 1441(a), venue is proper as the Circuit Court of Putnam County, West Virginia, is located within the Southern District of West Virginia.

## V. BASIS FOR REMOVAL – DIVERSITY JURISDICTION

8. Under 28 U.S.C. § 1332, this Court has original jurisdiction because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and because there is diversity of citizenship between the parties. Thus, pursuant to 28 U.S.C. § 1441, this matter may be removed to this Court.

9. 28 U.S.C. § 1441(a) permits "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, [to be] removed by the defendant … to the district court of the United States for the district and division embracing the place where such action is pending."

## VI. DIVERSITY OF CITIZENSHIP

10. Plaintiffs Brenda and Clarence Davis are citizens of West Virginia. *See* Exhibit A ¶ 1.

11. Defendant EOS CCA is a Massachusetts corporation that maintains its principal place of business therein.

12. A corporation is a citizen of every state where it is incorporated and where it maintains its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's "principal place of business" refers to "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Cent. W. Va. Energy Co. v. Mt. State Carbon, LLC*, 636 F.3d 101, 102 (4th Cir. 2011) (citing *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1186, 175 L. Ed. 2d 1029 (2010)).

13.  Because EOS CCA in incorporated in Massachusetts and because it maintains its "principal place of business" there, EOS CCA is the citizen of a state other than West Virginia, thus comporting with 28 U.S.C. § 1332(c)(1) for purposes of determining diversity.

14.  This matter is removable on the basis of diversity jurisdiction because complete diversity of citizenship exists between Plaintiffs and Defendant.

## VII. AMOUNT IN CONTROVERSY

15.  This matter is removable on the basis of diversity jurisdiction because the amount in controversy exceeds $75,000.00.

16.  To obtain diversity jurisdiction, the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a).

17.  EOS CCA denies that Plaintiffs are entitled to any recovery in this matter, and by filing this Notice of Removal, EOS CCA does not waive any potential defenses.  Nonetheless, without waiving any defenses, EOS CCA avers that the amount in controversy, based on Plaintiff's class action allegations, exceeds $75,000.00, exclusive of interest and costs.

18.  Plaintiffs' Class Action Complaint does not specifically set forth the amount of damages sought.  However, given the fact that Plaintiffs seek actual damages, statutory damages, and punitive damages for the tort claims on an individual basis, and actual and statutory damages on a class basis, it is more likely than not that the total value of damages would exceed $75,000.00, should Plaintiffs prevail at trial. *See* Exhibit A, Demand for Relief.

19. Based on the foregoing, this Court has original jurisdiction over this civil class action pursuant to 28 U.S.C. § 1332.  As such, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

## VIII. OTHER REQUIREMENTS

20. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal, along with a Notice of Filing a Notice of Removal, is being sent to all counsel of record and filed with the Clerk of Court of Putnam County, West Virginia.

WHEREFORE, Defendant Collecto, Inc. d/b/a EOS CCA, by undersigned counsel, hereby removes the above-captioned action from the Circuit Court of Putnam County, West Virginia, to the United States District Court of the Southern District of West Virginia, and requests that all further proceedings be conducted in this Court as provided by law.

Respectfully submitted,

**GORDON REES SCULLY MANSUKHANI, LLP**

By: */s/ Katlin C. Zarisky*
Katlin C. Zarisky
WV Bar ID 11846
707 Grant Street, Suite 3800
Pittsburgh, PA 15219
  (412) 316-2917
  (412) 347-5461
  kzarisky@grsm.com
Attorney for Defendant,
Collecto, Inc., d/b/a EOS CCA

## CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2020, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all attorneys of record, and I served counsel for plaintiff via email as follows:

Benjamin M. Sheridan
Klein & Sheridan, LC
3566 Teays Valley Road
Hurricane, WV 25526
Phone: 304-562-7111
Fax: 304-562-7115
E-mail: ben@kleinsheridan.com
Counsel for Plaintiffs


                                              */s/ Katlin C. Zarisky*