# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

BRENDA DAVIS and
CLARENCE DAVIS individually,
and on behalf of all other similarly situated individuals,

                Plaintiffs,

v.                                        CIVIL ACTION NO. 3:20-0215

COLLECTO, INC.,
d/b/a EOS CCA,

                Defendant.

## MEMORANDUM OPINION AND ORDER

Presently pending before the Court is a Motion to Remand filed by Plaintiffs Brenda and Clarence Davis on March 27, 2020. *Mot. to Remand*, ECF No. 5. Defendant Collecto, Inc. did not file a response opposing the Motion; nevertheless, the relevant issues have been briefed by Plaintiffs and the Motion is ripe for review. For the reasons set forth below, the Court **GRANTS** the Motion and **REMANDS** this case to the Circuit Court of Putnam County, West Virginia.

## I. BACKGROUND

Plaintiffs initiated this action in the Circuit Court of Putnam County, West Virginia on February 6, 2020, filing a Class Action Complaint and alleging violations of several state consumer protection laws and common law torts. *See Compl.*, ECF No. 1-1, at 11–24. The thrust of their claims is that Defendant acted unlawfully in seeking to collect an unpaid debt owed to DISH Network over a period of months in 2018. *See id.* at ¶ 6. Invoking this Court's diversity jurisdiction, Defendant filed a Notice of Removal on March 23, 2020. *See Notice of Removal*, ECF No. 1, at ¶ 8.

In the Notice of Removal, Defendant explained that it is a "Massachusetts corporation that maintains its principal place of business therein" and that Plaintiffs are citizens of West Virginia.[1] *Id.* at ¶¶ 10–11. Regarding the amount in controversy in this matter, Defendant averred "that the amount in controversy, based on Plaintiff[s'] class action allegations, exceeds $75,000.00, exclusive of interest and costs." *Id.* at ¶ 17. Defendant repeated this conclusion in the following paragraph as well, reasoning that although "Plaintiffs' Class Action Complaint does not specifically set forth the amount of damages sought," "given the fact that Plaintiffs seek actual damages, statutory damages, and punitive damages for the tort claims on an individual basis, and actual and statutory damages on a class basis, it is more likely than not that the total value of damages would exceed $75,000.00." *Id.* at ¶ 18.

Plaintiffs responded to Defendant's notice of removal on March 27, 2020, arguing that that Defendant had improperly considered the value of their claims on a class-wide basis in determining whether this action meets the amount-in-controversy requirement. *Mot. to Remand*, at 1; *Mem. of Law*, ECF No. 6, at 1. Defendant did not respond to Plaintiffs' Motion.

## II. LEGAL STANDARDS

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Removal here is predicated on 28 U.S.C. § 1332(a), which provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between [c]itizens of different States . . . ." If a party seeking removal fails to demonstrate that the

---

[1] It is therefore undisputed that complete diversity of citizenship exists between the parties.

amount in controversy exceeds $75,000 or that complete diversity between parties exists, remand for lack of federal subject matter jurisdiction is required. *See* 28 U.S.C. § 1447(c).

In considering a motion to remand, federal courts must strictly construe removal statutes in favor of state court jurisdiction. *Palisades Collections LLC v. Shorts*, 552 F.3d 327, 333–34 (4th Cir. 2008). It follows that "if federal jurisdiction is doubtful, a remand to state court is necessary." *Id.* at 334 (internal quotations omitted). To avoid remand, the party seeking removal bears the burden of demonstrating federal jurisdiction by a preponderance of the evidence. *See Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994); *see also Perry v. Asplundh Tree Expert Co.*, No. 5:15-CV-07699, 2015 WL 6479745, at *2 (S.D.W. Va. Oct. 27, 2015) ("It is a long settled principle that the party seeking to adjudicate a matter in federal court, through removal, carries the burden of alleging in its notice of removal and, if challenged, demonstrating the court's jurisdiction over the matter."). "Where the amount in controversy is not specified in the complaint, the defendant must 'demonstrate that it is more likely than not that the amount in controversy exceeds the jurisdictional amount.'" *Perry*, 2015 WL 6479745, at *2 (quoting *Landmark Corp. v. Apogee Coal Co.*, 945 F. Supp. 932, 935 (S.D.W. Va. 1996)). It is these standards that the Court applies to its consideration of Plaintiffs' Motion.

### III. DISCUSSION

The question posed by Plaintiffs' Motion is narrow: whether Defendant has demonstrated by a preponderance of the evidence that the amount in controversy in this matter will exceed $75,000.[2] The lack of any response by Defendant is not dispositive, but it does cabin the Court's

---

[2] The Court notes that, as a putative class action, the Class Action Fairness Act of 2005 ("CAFA") provides that an aggregate amount in controversy of $5,000,000 may also be sufficient to confer federal subject matter jurisdiction. *See* 28 U.S.C. § 1332(d)(2). Defendant does not make any attempt to argue that this case meets that threshold, however, and in any event its decision to omit reference to CAFA's aggregate requirement in its Notice of Removal would preclude it from

analysis to the conclusory statements contained in the Notice of Removal. There are two such statements: first, "that the amount in controversy, *based on Plaintiff[s'] class action allegations*, exceeds $75,000.00, exclusive of interest and costs," *Notice of Removal*, at ¶ 17 (emphasis added), and second, that while "Plaintiffs' Class Action Complaint does not specifically set forth the amount of damages sought," "given the fact that Plaintiffs seek actual damages, statutory damages, and punitive damages for the tort claims on an individual basis, *and actual and statutory damages on a class basis*, it is more likely than not that the total value of damages would exceed $75,000.00." *Id.* at ¶ 18 (emphasis added).

As an initial matter, the Court is not convinced that Defendant has established that it is more likely than not that Plaintiffs' individual claims could result in damages exceeding $75,000. This entire action is premised on Defendant's alleged effort to collect a $360.40 debt, *see Montano Aff.*, ECF No. 1-1, at 26, and Defendant has produced no evidence or argument tending to demonstrate that the actual, statutory, general, or punitive damages that Plaintiffs have demanded would likely exceed $75,000. Moreover, the very fact that Plaintiffs have filed their Motion for Remand evinces a belief that their individual claims are not worth more than $75,000.

Perhaps recognizing this shortcoming, Defendant included references to "Plaintiff[s'] class action allegations" and "actual and statutory damages on a class basis" in its calculation of the likely amount in controversy. *Notice of Removal*, at ¶¶ 17–18. Yet Defendant's reliance on Plaintiffs' class allegations to meet the amount in controversy requirement is misplaced, as "[i]t is well-established that one cannot aggregate damages in a class action for purposes of reaching the jurisdictional minimum." *McCoy v. Erie Ins. Co.*, 147 F. Supp. 2d 481, 490 (S.D.W. Va. 2001)

---

doing so now. *See Wood v. Crane Co.*, 764 F.3d 316, 323 (4th Cir. 2014) (reasoning that district courts "have no discretion to permit amendments furnishing new allegations of a jurisdictional basis").

(citing *Zahn v. Int'l Paper Co.*, 414 U.S. 291, 302 (1973)). Rather, "in a class action with diversity jurisdiction upon separate and distinct claims by two or more plaintiffs, the determination of the amount in controversy is based upon each plaintiff's claims and not upon the aggregate." *Glover v. Johns-Manville Corp.*, 662 F.2d 225, 231 (4th Cir. 1981). There is a narrow exception to this rule where "class members 'unite[ ] to enforce a single title or right in which they have a common and undivided interest,'" *McCoy*, 147 F. Supp. 2d at 490 (quoting *Snyder v. Harris*, 394 U.S. 332, 335 (1969)), but this is inapposite where—as here—a class is composed of consumers seeking "damages are based upon the individual injuries each Plaintiff allegedly suffered," *Smith v. Penn Credit Corp.*, No. 3:16-3514, 2016 WL 4153616, at *2 (S.D.W. Va. Aug. 5, 2016). It has been a "settled rule" for over a century that the demands of more than one party may not be aggregated to confer federal jurisdiction over a given action, and nothing about this case alters this calculus. *See Pinel v. Pinel*, 240 U.S. 594, 596 (1916). The Court concludes that Defendant has failed to demonstrate by a preponderance of the evidence that the amount in controversy of Plaintiffs' individual claims exceeds $75,000, and must therefore remand this case to state court.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Motion to Remand, ECF No. 5, and **REMANDS** this action to the Circuit Court of Putnam County, West Virginia.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

ENTER: May 1, 2020

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE